NO. 25-1315

In The

# United States Court Of Appeals
## For The Fourth Circuit

**GARY TEDERICK, individually and on behalf of all others similarly situated;
LISA TEDERICK, individually and on behalf of all others similarly situated,**

*Plaintiffs - Appellants,*

**v.**

# LOANCARE, LLC,

*Defendant - Appellee.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
AT NORFOLK

————————————

**BRIEF OF NATIONAL CONSUMER LAW CENTER AS *AMICUS CURIAE*
IN SUPPORT OF APPELLANTS SEEKING REVERSAL OF JUDGMENT BELOW**

————————————

**Jason E. Causey (WVSB #9482)**
**KATZ KANTOR STONESTREET & BUCKNER, PLLC**
**206 South Walker Street**
**Princeton, WV 24740**
**(304) 431-4050**
**jcausey@kksblaw.com**

*Counsel for Amicus Curiae*

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

**DISCLOSURE STATEMENT**

- In civil, agency, bankruptcy, and mandamus cases, a disclosure statement must be filed by **all** parties, with the following exceptions: (1) the United States is not required to file a disclosure statement; (2) an indigent party is not required to file a disclosure statement; and (3) a state or local government is not required to file a disclosure statement in pro se cases. (All parties to the action in the district court are considered parties to a mandamus case.)
- In criminal and post-conviction cases, a corporate defendant must file a disclosure statement.
- In criminal cases, the United States must file a disclosure statement if there was an organizational victim of the alleged criminal activity. (See question 7.)
- Any corporate amicus curiae must file a disclosure statement.
- Counsel has a continuing duty to update the disclosure statement.

No. _25-1315_     Caption: _Tederick v. LoanCare, LLC_

Pursuant to FRAP 26.1 and Local Rule 26.1,

_National Consumer Law Center_
(name of party/amicus)

who is _____Amicus_____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)

1. Is party/amicus a publicly held corporation or other publicly held entity? ☐YES ☑NO

2. Does party/amicus have any parent corporations? ☐YES ☑NO
   If yes, identify all parent corporations, including all generations of parent corporations:

3. Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity? ☐YES ☑NO
   If yes, identify all such owners:

4.    Is there any other publicly held corporation or other publicly held entity that has a direct
financial interest in the outcome of the litigation?    ☐YES☑NO
If yes, identify entity and nature of interest:

5.    Is party a trade association? (amici curiae do not complete this question)    ☐YES☐NO
If yes, identify any publicly held member whose stock or equity value could be affected
substantially by the outcome of the proceeding or whose claims the trade association is
pursuing in a representative capacity, or state that there is no such member:

6.    Does this case arise out of a bankruptcy proceeding?    ☐YES☑NO
If yes, the debtor, the trustee, or the appellant (if neither the debtor nor the trustee is a
party) must list (1) the members of any creditors' committee, (2) each debtor (if not in the
caption), and (3) if a debtor is a corporation, the parent corporation and any publicly held
corporation that owns 10% or more of the stock of the debtor.

7.    Is this a criminal case in which there was an organizational victim?    ☐YES☑NO
If yes, the United States, absent good cause shown, must list (1) each organizational
victim of the criminal activity and (2) if an organizational victim is a corporation, the
parent corporation and any publicly held corporation that owns 10% or more of the stock
of victim, to the extent that information can be obtained through due diligence.

Signature: /s/ Jason E. Causey                        Date:        July 3, 2025

Counsel for: National Consumer Law Center

Print to PDF for Filing

# **TABLE OF CONTENTS**

**Page:**

TABLE OF AUTHORITIES..........................................................................ii

IDENTITY AND INTEREST OF *AMICUS CURIAE*...............................1

SUMMARY OF ARGUMENT.....................................................................2

ARGUMENT ...............................................................................................4

     I.     Except Where Intent Is Expressly Required, Debt Collectors Are Strictly Liable for Unfair Debt Collection Unless An Affirmative Defense Is Established.........................................................4

     II.    An Intent Element Is Not Properly Implied Into State Debt Collection Laws.....................................................................................9

     III.   The District Court's Ruling Is Contrary to the Plain Language and Purpose of the WVCCPA and Previous Rulings of This Court ................................................................................................12

CONCLUSION ...........................................................................................16

CERTIFICATE OF COMPLIANCE..........................................................17

# <u>TABLE OF AUTHORITIES</u>

**Page(s):**

**Cases:**

*Alexander v. Carrington Mortgage Services*,
    23 F.4th 370 (4th Cir. 2022)..........................................................................14

*Alig v. Quicken Loans Inc.*,
    990 F.3d 782 (4th Cir. 2021)..........................................................................15

*Atchison, Topeka & Santa Fe Ry. Co. v. Buell*,
    480 U.S. 557 (1987)..........................................................................................5

*Barr v. NCB Mgmt. Servs., Inc.*,
    711 S.E.2d 577 (W. Va. 2011)................................................................. 4, 13-14

*Baylor v. Mitchell Rubenstein & Assocs., P.C.*,
    857 F.3d 939 (D.C. Cir. 2017) ......................................................................12

*Bell v. Northland Group*,
    2018 WL 1792368 (E.D. Mich. Apr. 16, 2018)...............................................8

*Brandt v. Columbia Credit Servs., Inc.*,
    2018 WL 1757114 (W.D. Wash. Apr. 12, 2018)..............................................8

*Carlisle v. Nat'l Commercial Servs., Inc.*,
    2015 WL 4092817 (N.D. Ga. July 7, 2015) ....................................................8

*Carrasquillo v. CICA Collection Agency, Inc.*,
    No. 23-1225 (1st Cir. Jan. 23, 2024) ..............................................................9

*Chapman v. TD Bank N.A*,
    Civ. A. No. 3:24-0536, 2025 WL 1287995 (S.D. W. Va. May 2, 2025)........13

*Chavira v. U.S. Dep't of Educ.*,
    2022 WL 1082568 (E.D. Cal. Apr. 11, 2022)..................................................8

*Clark v. Capital Credit & Collection Services, Inc.*,
    460 F.3d 1162 (9th Cir. 2006).....................................................................7, 8

*Crawford v. LVNV Funding, L.L.C.*,
    758 F.3d 1254 (11th Cir. 2014).........................................................6

*DeWolf v. Samaritan Hosp.*,
    2018 WL 3862679 (N.D.N.Y. Aug. 14, 2018).................................8

*Dunlap v. Friedman's, Inc.*,
    582 S.E.2d 841 (W. Va. 2003) .........................................................4

*Fleet v. Webber Springs Owners Ass'n*,
    235 W. Va. 184, 772 S.E.2d 369 (2015) .........................................6

*Forsyth Memorial Hospital v. Contreras*,
    421 S.E.2d 167 (N.C. App. 1992)..................................................10

*Gamby v. Equifax Info. Serv. L.L.C.*,
    462 Fed. App'x 552 (6th Cir. 2012) ...............................................6

*Gearing v. Check Brokerage Corp.*,
    233 F.3d 469 (7th Cir. 2000)...........................................................8

*Guthrie v. PHH Mortg. Corp.*,
    79 F.4th 328 (4th Cir. 2023)............................................................1

*Guzman v. Mel S. Harris & Assoc.*,
    2018 WL 1665252 (S.D.N.Y. Mar. 22, 2018)................................9

*Harper v. Jackson Hewitt, Inc.*,
    706 S.E.2d 63 (W. Va. 2010) ..........................................................4

*Henderson v. Source For Pub. Data, L.P.*,
    53 F.4th 110 (4th Cir. 2022)............................................................1

*Hepsen v. J.C. Christensen & Assoc., Inc.*,
    383 Fed. App'x 877 (11th Cir. 2010)..............................................8

*Henson v. Santander Consumer USA, Inc.*,
    817 F.3d 131 (4th Cir. 2016)...........................................................1

*Horton v. Pro. Bureau of Collections of Md., Inc.*,
    794 S.E.2d 395 (W. Va. 2016) ......................................................14

*Howard v. Patenaude & Felix A.P.C.*,
  634 F. Supp. 3d 990 (W.D. Wash. 2022) .........................................................8

*Hylton v. Amerifinancial Solutions, L.L.C.*,
  2018 WL 6044734 (E.D. Pa. Nov. 19, 2018) ............................................8, 9

*Kaiser v. Cascade Cap., L.L.C.*,
  989 F.3d 1127 (9th Cir. 2021) ......................................................................6

*Kaymark v. Bank of Am.*,
  783 F.3d 168 (3d Cir. 2015) ..........................................................................8

*Kistner v. Law Offices of Michael P. Margelefsky, L.L.C.*,
  518 F.3d 433 (6th Cir. 2008) ........................................................................6

*Klemp v. Columbia Collection Serv., Inc.*,
  2014 WL 5324318 (D. Or. Oct. 17, 2014) ....................................................8

*Koontz v. SN Servicing Corp.*,
  133 F.4th 320 (4th Cir. 2025) ......................................................................15

*LaRue v. Dewolff, Boberg & Assocs.*,
  458 F.3d 359 (4th Cir. 2006) ........................................................................1

*Lee v. Credit Mgmt., L.P.*,
  846 F. Supp. 2d 716 (S.D. Tex. 2011) ..........................................................8

*Lee v. Kucker & Bruh, L.L.P.*,
  958 F. Supp. 2d 524 (S.D.N.Y. 2013) ..........................................................8

*McCaig v. Wells Fargo Bank (Texas), N.A.*,
  788 F.3d 463 (5th Cir. 2015) ......................................................................11

*McCollough v. Johnson, Rodenburg & Lauinger, L.L.C.*,
  637 F.3d 939 (9th Cir. 2011) ........................................................................8

*McNeely v. Wells Fargo Bank, NA*,
  115 F. Supp. 3d 779 (S.D. W. Va. 2015) ....................................................13

*Northern Securities Co. v. United States*,
  191 U.S. 555 (1903) ......................................................................................1

*Obduskey v. McCarthy & Holthus L.L.P.*,
    586 U.S. 466 (2019)...................................................................8

*Owen v. I.C. Sys., Inc.*,
    629 F.3d 1263 (11th Cir. 2011) ...........................................8

*Picht v. Jon R. Hawks, Ltd.*,
    236 F.3d 446 (8th Cir. 2001) ...............................................6

*Porter v. Somers*,
    1993 WL 280118 (Conn. Super. Ct. July 12, 1993) ........................6

*Prince v. U.S. Bancorp*,
    2010 WL 3385396 (D. Nev. Aug. 25, 2010) ....................................8

*Rocket Mortg., LLC v. Alig*,
    142 S. Ct. 748, 211 L. Ed. 2d 468 (2022)......................................15

*Ross v. RJM Acquisitions Funding L.L.C.*,
    480 F.3d 493 (7th Cir. 2007)...............................................8

*Russell v. Absolute Collection Services, Inc.*,
    763 F.3d 385 (4th Cir. 2014)...............................................5

*Russell v. Equifax A.R.S.*,
    74 F.3d 30 (2d Cir. 1996)....................................................6

*Ryan v. Commodity Futures Trading Comm'n*,
    125 F.3d 1062 (7th Cir. 1997)................................................1

*State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*,
    461 S.E.2d 516 (W. Va. 1995) ..............................................4

*Turner v. J.V.D.B. & Assoc., Inc.*,
    330 F.3d 991 (7th Cir. 2003)................................................8

*Waddell v. U.S. Bank Nat'l Ass'n*,
    395 F. Supp. 3d 676 (E.D.N.C. 2019) ..........................................10

*Wales v. Meridian Fin. Servs., Inc.*,
    2019 WL 13245872 (M.D. Fla. Apr. 8, 2019) ................................8

*Whitaker v. Hudson & Keyse, L.L.C.*,
2007 WL 2265057 (S.D. Ind. Aug. 6, 2007) ..................................................8

*Wyant v. Nationstar Mortg., L.L.C.*,
2014 WL 3446633 (W.D. La. June 10, 2014), *aff'd in relevant part*,
2014 WL 4146351 (W.D. La. Aug. 19, 2014) ................................................8

**Statutes:**

15 U.S.C. §§ 1692–1692p ...............................................................*passim*

15 U.S.C. § 1692b6) .............................................................................7

15 U.S.C. § 1692c(a)(1) .......................................................................7

15 U.S.C. § 1692c(a)(2) .......................................................................7

15 U.S.C. § 1692c(a)(3) .......................................................................7

15 U.S.C. § 1692d(5) ...........................................................................7

15 U.S.C. § 1692e(2) .........................................................................7, 8

15 U.S.C. § 1692e(5) ...........................................................................7

15 U.S.C. § 1692e(7) ...........................................................................7

15 U.S.C. § 1692e(8) ...........................................................................7

15 U.S.C. § 1692f(1) ........................................................................6, 7, 9

15 U.S.C. § 1692k(b)(1) .......................................................................7

15 U.S.C. § 1692k(b)(2) .......................................................................7

15 U.S.C. § 1692k(c) ...........................................................................7

Cal. Civ. Code §§ 1788 to 1788.32 .........................................................5

Colo. Rev. Stat. §§ 12-14-101 to 12-14-137 .............................................5

D.C. Code § 28-3814(f)(5) ...................................................................11

D.C. Code § 28-3814(j) ........................................................12

Me. Stat. tit. 32, §§ 11,001 to 11,054 ...............................5

N.C. Gen. Stat. Ann. § 75-54(4) ......................................10

Tex. Fin. Code Ann. § 392.304(8) ...................................11

W. Va. Code §§ 46A-1-101 to 8-102...........................*passim*

W. Va. Code § 46A-2-127 ...........................................9, 13

W. Va. Code § 46A–2–127(c) ............................................14

W. Va. Code § 46A-2-127(d) ...........................2, 7, 10, 15

W. Va. Code § 46A-2-128(d) .........................................2, 7

W. Va. Code § 46A-5-101 ................................................14

W. Va. Code § 46A-5-103 ................................................12

W. Va. Code § 46A-5-105 ................................................12

**Rules:**

Fed. R. App. P. 29(a)(2) ....................................................1

Fed. R. App. P. 29(c)(5) ....................................................1

**Other Authorities:**

The Fair Debt Collection Practices Act:
Hearings Before the Senate Subcomm. on Consumer Affairs of the
Comm. on Banking, Hous., & Urban Affairs, 95th Cong., 1st Sess. (1977) ............5

Unjust Debt Collection Practices Amendment Act of 2021, D.C. Law 24-154 ......12

## IDENTITY AND INTEREST OF *AMICUS CURIAE*[1]

The National Consumer Law Center ("NCLC") is a public interest, non-profit legal organization and a national research and advocacy organization focusing specifically on the legal needs of low income, financially distressed, and elderly consumers. NCLC regularly submits amicus briefs to this court. *See Guthrie v. PHH Mortg. Corp.*, 79 F.4th 328 (4th Cir. 2023); *Henderson v. Source For Pub. Data, L.P.*, 53 F.4th 110 (4th Cir. 2022); *Henson v. Santander Consumer USA, Inc.*, 817 F.3d 131 (4th Cir. 2016).

It is within the sound discretion of this Court to allow participation of amici curiae. *See Northern Securities Co. v. United States*, 191 U.S. 555 (1903); *LaRue v. Dewolff, Boberg & Assocs.*, 458 F.3d 359, 360 (4th Cir. 2006). Discussing the appropriate exercise of discretion with respect to amicus curiae briefs, Judge Posner wrote, "An amicus brief should normally be allowed when . . . the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997). NCLC believes that, in its role as a national advocate for consumer debtors, it brings a unique perspective to this case that will be helpful to the Court in deciding this matter.

---

[1] Pursuant to Fed. R. App. P. 29(c)(5), no counsel for any party authored this brief in whole or in part, and no person or entity other than NCLC, its members, and its counsel made any monetary contribution toward the preparation or submission of this brief. Pursuant to Fed. R. App. P. 29(a)(2), all parties have consented to the filing of this amicus brief.

NCLC has a vital interest in the outcome of this case. The lower court's error has significant consequences for consumers and particularly low-income individuals who rely on the proper application of remedial debt collection statutes, including the West Virginia Consumer Credit and Protection Act, W. Va. Code §§ 46A-1-101 to 8-102 ("WVCCPA").

## SUMMARY OF ARGUMENT

NCLC writes in support of the Tedericks to reinforce one crucial point made in their Opening Brief, which is that intent is not required to prove WVCCPA claims. This was a significant error of law by the lower court which compels reversal. "The proper inquiry is whether Loancare *meant* to get it wrong," is perhaps the most telling line of the district court's misguided opinion. Doc. 204, 10–11. In so grafting an intent requirement onto West Virginia's consumer protection statute that is not provided for in the statute, the Virginia district court materially misunderstood and misapplied the law. The only proper reason to consider a debt collector's intent in violating the WVCCPA as to a claim under either of its provisions at issue in this case, W. Va. Code §§ 46A-2-127(d) and 46A-2-128(d), is with respect to an analysis of affirmative defenses or remedies under Article 5 of the WVCCPA. If the district court's interpretation is adopted by other district courts or this Court of Appeals, the lower court's mistaken view of the WVCCPA would remove significant protections for West Virginia consumers.

2

Like its corollary statute, the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692–1692p (the "FDCPA"), the WVCCPA is a remedial statute that must be liberally construed to accomplish its intended goals. Its broad purpose of protecting consumers from unfair, illegal, or deceptive acts or practices has long been accomplished without a requirement that a consumer prove a debt collector's intent for the debt collector to be liable under the statute. The same is true as to all other state debt collection laws, none of which appear to impose a general intent requirement onto analogous consumer protection statutes. Rather, in instances where intent is required, express statutory language exists making that requirement clear. And those intent requirements largely relate to the availability of statutory damages or affirmative defenses, not liability in general.

The district court's attendant findings for Loancare on the Tedericks' claims trivialized the debt collector's conduct and did not properly apply the standards this Court and West Virginia courts have provided to guide interpretation of the WVCCPA. If upheld, the implications of the lower court's error would extend to consumers and borrowers throughout West Virginia who rely on the statute and its proper application both as a deterrent and an enforcement mechanism in the debt collection sphere. This error of law should be reversed.

# **ARGUMENT**

I.    Except Where Intent Is Expressly Required, Debt Collectors Are Strictly Liable for Unfair Debt Collection Unless An Affirmative Defense Is Established.

The West Virginia Supreme Court of Appeals has repeatedly recognized that the WVCCPA is a remedial statute that must be liberally construed to accomplish its intended purposes. *See, e.g.*, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 461 S.E.2d 516, 523 (W. Va. 1995) (Because the purpose of the WVCCPA is "to protect consumers from unfair, illegal, and deceptive acts or practices," courts must interpret it "liberally so as to furnish and accomplish all the purposes intended."); *Harper v. Jackson Hewitt, Inc.*, 706 S.E.2d 63, 72 (W. Va. 2010) ("This Court has recognized that the CCPA is a remedial statute intended to protect consumers from unfair, illegal and deceptive business practices, and must be liberally construed to accomplish that purpose."); *Dunlap v. Friedman's, Inc.*, 582 S.E.2d 841, 846 (W. Va. 2003) (same). "The purpose of the CCPA is to protect consumers from unfair, illegal, and deceptive acts or practices by providing an avenue of relief for consumers who would otherwise have difficulty proving their case under a more traditional cause of action." *Barr v. NCB Mgmt. Servs., Inc.*, 711 S.E.2d 577, 583 (W. Va. 2011) (internal citation omitted). The Supreme Court did

not limit its policy pronouncement to "unscrupulous" conduct[2]—instead the language the court selected allows for application of the WVCCPA to merely unfair or illegal conduct, as well as to conduct where deception was intended.

The purpose of the WVCCPA to protect consumers beyond common law is not unique. The FDCPA similarly promotes ethical business practices by debt collectors. The FDCPA was the product of compromises between those on both sides of the issues presented, which resulted in bipartisan support, support from the major debt collection trade associations involved, and support from consumer protection organizations.[3] Like the WVCCPA, as a remedial statute,[4] the FDCPA should be "liberally" or "broadly" construed.[5] Several states have adopted statutes largely mirroring the FDCPA's broad standards and detailed proscriptions, and many of those statutes broadly apply to all collectors of debts.[6] When determining questions about state debt collection statutes that contain standards similar to the FDCPA,

---

[2] The term "unscrupulous" appears nowhere in the WVCCPA, but the district court below nonetheless said the WVCCPA "was designed to protect consumers against unscrupulous collection practices." Doc. 204, at 10.

[3] *See, e.g.*, The Fair Debt Collection Practices Act: Hearings Before the Senate Subcomm. on Consumer Affairs of the Comm. on Banking, Hous., & Urban Affairs, 95th Cong., 1st Sess. (1977).

[4] *See, e.g.*, *Russell v. Absolute Collection Services, Inc.*, 763 F.3d 385, 392 (4th Cir. 2014).

[5] *Id.* at 393 (citing *Atchison, Topeka & Santa Fe Ry. Co. v. Buell*, 480 U.S. 557, 561–62, (1987) (recognizing the canon of statutory interpretation that remedial statutes are to be construed liberally)).

[6] *See, e.g.*, Cal. Civ. Code §§ 1788 to 1788.32; Colo. Rev. Stat. §§ 12-14-101 to 12-14-137; Me. Stat. tit. 32, §§ 11,001 to 11,054.

courts often look to the FDCPA's detailed provisions and the case law construing those provisions for guidance. *See, e.g.*, *Gamby v. Equifax Info. Serv. L.L.C.*, 462 Fed. App'x 552 (6th Cir. 2012) (court used similarity of FDCPA to construe Michigan debt collection statute); *Porter v. Somers*, 1993 WL 280118 (Conn. Super. Ct. July 12, 1993) (15 U.S.C. § 1692f(1) prohibition against collecting amount not permitted by law supported claim under state consumer protection act that such conduct was unfair). Indeed, the Supreme Court of Appeals of West Virginia has found the FDCPA to be persuasive in interpreting the WVCCPA's debt collection provisions. *See Fleet v. Webber Springs Owners Ass'n*, 235 W. Va. 184, 194, 772 S.E.2d 369 (2015) ("We agree with the reasoning of the federal courts interpreting a nearly identical statute.")

The FDCPA generally is a "strict liability" statute, unless an FDCPA provision explicitly requires intent or knowledge, or the debt collector successfully establishes a bona fide error defense.[7] Under most provisions of the FDCPA, a debt collector is responsible for violation of the FDCPA's requirements without regard to the intent,

---

[7] *See, e.g.*, *Kaiser v. Cascade Cap., L.L.C.*, 989 F.3d 1127, 1139 (9th Cir. 2021) ("the bona fide error defense is the statute's narrow exception to strict liability"); *Crawford v. LVNV Funding, L.L.C.*, 758 F.3d 1254, 1259 n.4 (11th Cir. 2014) (same); *Kistner v. Law Offices of Michael P. Margelefsky, L.L.C.*, 518 F.3d 433, 438 (6th Cir. 2008) ("An exception to strict liability exists only where a debt collector commits a violation resulting from a 'bona fide error.'"); *Picht v. Jon R. Hawks, Ltd*., 236 F.3d 446, 451 (8th Cir. 2001) ("The bona fide error defense exists as an exception to the strict liability imposed upon debt collectors by the FDCPA."); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 33 (2d Cir. 1996).

knowledge, or willfulness behind the violation. Under certain FDCPA provisions, liability is expressly conditioned on the debt collector's intent[8] or knowledge.[9] The Ninth Circuit noted that the fact that "Congress took care to require an element of knowledge or intent in certain portions of the FDCPA where it deemed such a requirement necessary further supports our conclusion that [15 U.S.C.] § 1692k(c) generally makes the FDCPA a strict liability statute."[10] While intent is not required to establish most FDCPA violations, lack of intent is one element of a bona fide error defense under 15 U.S.C. § 1692k(c). A court may also consider a debt collector's intent when determining FDCPA statutory damages. "The extent to which such noncompliance was intentional" is relevant to "the amount of liability." *See* 15 U.S.C. §§ 1692k(b)(1); 1692k(b)(2).

The FDCPA provisions parallel to those at issue here,[11] 15 U.S.C. § 1692e(2) and 15 U.S.C. § 1692f(1), do not contain intent elements and are strict liability statutes, unless, of course, the debt collector meets the elements of bona fide error. Section 1692e(2) of the FDCPA focuses on inaccurate or false representations of the amount of the debt or that any amount is owed at all, such as misrepresentations

---

[8] *See, e.g.*, 15 U.S.C. §§ 1692d(5), 1692e(4), 1692e(5), 1692e(7).
[9] *See, e.g.*, 15 U.S.C. §§ 1692b(6), 1692c(a)(1), 1692c(a)(2), 1692c(a)(3), 1692e(8).
[10] *Clark v. Capital Credit & Collection Services, Inc*., 460 F.3d 1162, 1176 n.11 (9th Cir. 2006). *See also* H.R. 5294, 95th Cong. (1977) (as reported Mar. 29, 1977) (draft of FDCPA that considered language requiring willful and knowing violations in order to establish criminal not civil liability—proposed language was not adopted).
[11] W. Va. Code §§ 46A-2-127(d) and 46A-2-128(d).

concerning the current balance, interest charges, interest and fees that will accrue in the future, collection costs and other fees, attorney fees, and special penalties for writing an insufficient funds check.

Debt collectors commonly claim that violations of FDCPA § 1692e(2) were unintentional—claiming, for instance, that the collector relied on information given to it by the creditor or otherwise simply made a mistake. But, unless the bona fide error defense applies, a collector is strictly liable for misstating the amount of a debt, even if the misstatement was unintentional.[12] While the consumer bears the burden

---

[12] *See, e.g.*, *Kaymark v. Bank of Am.*, 783 F.3d 168, 174 (3d Cir. 2015), *abrogated on other grounds by Obduskey v. McCarthy & Holthus L.L.P.*, 586 U.S. 466 (2019); *McCollough v. Johnson, Rodenburg & Lauinger, L.L.C.*, 637 F.3d 939 (9th Cir. 2011); *Owen v. I.C. Sys., Inc.*, 629 F.3d 1263, 1273 (11th Cir. 2011); *Hepsen v. J.C. Christensen & Assoc., Inc.*, 383 Fed. App'x 877 (11th Cir. 2010); *Ross v. RJM Acquisitions Funding L.L.C.*, 480 F.3d 493 (7th Cir. 2007); *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162 (9th Cir. 2006); *Turner v. J.V.D.B. & Assoc., Inc.*, 330 F.3d 991, 995 (7th Cir. 2003); *Gearing v. Check Brokerage Corp.*, 233 F.3d 469, 472 (7th Cir. 2000); *Howard v. Patenaude & Felix A.P.C.*, 634 F. Supp. 3d 990 (W.D. Wash. 2022); *Chavira v. U.S. Dep't of Educ.*, 2022 WL 1082568 (E.D. Cal. Apr. 11, 2022); *Wales v. Meridian Fin. Servs., Inc.*, 2019 WL 13245872 (M.D. Fla. Apr. 8, 2019); *Hylton v. Amerifinancial Solutions, L.L.C.*, 2018 WL 6044734 (E.D. Pa. Nov. 19, 2018); *Brandt v. Columbia Credit Servs., Inc.*, 2018 WL 1757114 (W.D. Wash. Apr. 12, 2018); *DeWolf v. Samaritan Hosp.*, 2018 WL 3862679 at *3 (N.D.N.Y. Aug. 14, 2018); *Bell v. Northland Group*, 2018 WL 1792368 (E.D. Mich. Apr. 16, 2018); *Carlisle v. Nat'l Commercial Servs., Inc.*, 2015 WL 4092817 (N.D. Ga. July 7, 2015); *Wyant v. Nationstar Mortg., L.L.C.*, 2014 WL 3446633 (W.D. La. June 10, 2014), *aff'd in relevant part*, 2014 WL 4146351 (W.D. La. Aug. 19, 2014); *Klemp v. Columbia Collection Serv., Inc.*, 2014 WL 5324318 (D. Or. Oct. 17, 2014); *Lee v. Kucker & Bruh, L.L.P.*, 958 F. Supp. 2d 524 (S.D.N.Y. 2013); *Lee v. Credit Mgmt., L.P.*, 846 F. Supp. 2d 716 (S.D. Tex. 2011); *Prince v. U.S. Bancorp*, 2010 WL 3385396 (D. Nev. Aug. 25, 2010); *Whitaker v. Hudson & Keyse, L.L.C.*, 2007 WL 2265057 (S.D. Ind. Aug. 6, 2007).

of proving that the stated amount of the debt is false, there is simply no requirement that the consumer prove that the collector intentionally misstated the amount.[13]

Similarly, where the amount sought is not authorized by contract or permitted by law, there is no defense to a claim under 15 U.S.C. § 1692f(1) that the collector thought the amount was authorized or permitted. *See, e.g.*, *Hylton v. Amerifinancial Solutions, L.L.C.*, 2018 WL 6044734 (E.D. Pa. Nov. 19, 2018). Instead, the collector can raise the bona fide error defense but then must prove its procedures were designed to avoid such an error. *See Guzman v. Mel S. Harris & Assoc.*, 2018 WL 1665252 (S.D.N.Y. Mar. 22, 2018).

These strict liability provisions of the FDCPA and the analogous WVCCPA serve to protect consumers and ensure compliance with debt collection laws. Neither the legislatures promulgating the statutes nor the courts interpreting them have found it appropriate to implement an intent element that consumers must prove to show that debt collectors are liable for their violations of the statutes. Rather, mistakes, if innocent, may be excused under the bona fide error defense provisions in the statutes.

II.    An Intent Element Is Not Properly Implied Into State Debt Collection Laws.

The WVCCPA prohibits any "fraudulent, deceptive or misleading representation" in an attempt to collect a debt. W. Va. Code § 46A-2-127. Certain

---

[13] *See*, *Carrasquillo v. CICA Collection Agency, Inc*., No. 23-1225 (1st Cir. Jan. 23, 2024) (CFPB amicus brief).

conduct is deemed to be prohibited by this provision, including "[a]ny false representation or implication of the character, extent or amount of a claim against a consumer, or of its status in any legal proceeding." *Id.* § 46A-2-127(d). No state appears to graft a general intent requirement into a similar consumer protection statute. Where intent is required, express statutory language exists supporting such a requirement.

For instance, in North Carolina and Texas, courts have explicitly found that no intent requirement exists in the states' respective debt collection laws. In North Carolina, N.C. Gen. Stat. Ann. § 75-54(4) prohibits "Falsely representing the character, extent, or amount of a debt against a consumer or of its status in any legal proceeding." *Compare* N.C. Gen. Stat. Ann. § 75-54(4) *with* W. Va. Code § 46A-2-127(d) (prohibiting "[a]ny false representation or implication of the character, extent or amount of a claim against a consumer, or of its status in any legal proceeding."). North Carolina courts have explicitly held that "to prevail on a claim for violation of this section, one need not show deliberate acts of deceit or bad faith." *Forsyth Memorial Hospital v. Contreras*, 421 S.E.2d 167, 169–70 (N.C. App. 1992) (quotation marks omitted); *see also Waddell v. U.S. Bank Nat'l Ass'n*, 395 F. Supp. 3d 676, 683 (E.D.N.C. 2019). Proving liability for violations requires only demonstrating "that the act complained of possessed the tendency or capacity to mislead, or created the likelihood of deception." *Forsyth*, 421 S.E.2d at 170. This

objective standard focuses on the potential for consumer confusion rather than the debt collector's subjective intent.

Similarly, in Texas, Tex. Fin. Code Ann. § 392.304(8) prohibits "misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding." The Fifth Circuit has found that Texas's debt collection law "contains no intent requirement," rejecting arguments that misleading misrepresentations must be made with intent to "defraud, deceive or mislead" to be actionable. *McCaig v. Wells Fargo Bank (Texas), N.A.*, 788 F.3d 463, 480–81 (5th Cir. 2015). Significantly, the court emphasized that "facially innocuous misrepresentations made in the course of an attempt to collect a debt constitute a violation." *Id.* The courts in both North Carolina and Texas recognize that debt collection statutes can impose strict liability without requiring proof of intent. West Virginia's statute, which similarly lacks any explicit intent language, should be interpreted consistently with this well-established precedent.

Providing even more support, the legislative history of the District of Columbia's analogous consumer protection statute provides strong evidence that intent requirements must be specifically included in debt collection statutes to be enforceable. Using language nearly identical to that in the WVCCPA, D.C. Code § 28-3814(f)(5) prohibits "any false representation or implication of the character,

extent, or amount of a consumer debt, or of its status in any legal proceeding." Prior to 2021, D.C. Code § 28-3814(j) explicitly required claimants to prove a "willful violation" of the debt collection law, clearly requiring proof of the debt collector's intent. *See, e.g.*, *Baylor v. Mitchell Rubenstein & Assocs., P.C.*, 857 F.3d 939, 952 (D.C. Cir. 2017). However, the D.C. Council deliberately repealed this provision through the Unjust Debt Collection Practices Amendment Act of 2021, D.C. Law 24-154, and removed the intent requirement from the law. The absence of any similar "willful violation" or intent language in West Virginia's statute suggests that the legislature did not intend to impose such a requirement. In fact, West Virginia employs a willfulness standard but does so solely for the purpose of permitting additional remedies, including criminal liability. *See* W. Va. Code §§ 46A-5-103, -105.

III.    The District Court's Ruling Is Contrary to the Plain Language and Purpose of the WVCCPA and Previous Rulings of This Court.

The district court granted summary judgment for LoanCare on the Tedericks' WVCCPA claim, holding "[a]lthough Prepayments may have been applied incorrectly, LoanCare's conduct 'was not fraudulent, deceptive, or misleading, as required for this Court to find a violation of West Virginia law." Doc. 204, at 13. The district court characterized the Tedericks' case as "no more than a billing dispute[,]" and said the WVCCPA "was designed to protect consumers against unscrupulous collection practices[,]" and that the statute does "not seek to penalize

misrepresentations of the character, extent or amount of a debt unless it is fraudulent, deceptive, or misleading." Doc. 204, at 10.

While simultaneously "finding that LoanCare misapplied Prepayments" and granting summary judgment in LoanCare's favor, the district court said it was "important to clarify the central issue here[:]"

> To be sure, LoanCare may have misapplied the Tedericks' Prepayments resulting in LoanCare receiving unearned interest. But the question is not simply whether and to what extent LoanCare got this wrong. The proper inquiry is whether LoanCare *meant* to get it wrong. The proper inquiry is whether LoanCare engaged in an unfair, illegal, and deceptive practice or act."

Doc. 204, 10–11.

Through its ruling the Virginia district court applying West Virginia law improperly grafted an intent requirement onto a remedial statute that is contrary to the statutory language at issue as well as the purpose of the WVCCPA. The district court's ruling is also inapposite to numerous decisions of West Virginia courts. *See e.g.*, *McNeely v. Wells Fargo Bank, NA*, 115 F. Supp. 3d 779, 787 (S.D. W. Va. 2015) ("[T]he question under § 46A–2–127 is not a subjective one. Rather, the statute lists conduct that 'is deemed to violate this section' and includes in that list '[a]ny false representation or implication of the character, extent or amount of a claim …'"); *Chapman v. TD Bank N.A*, Civ. A. No. 3:24-0536, 2025 WL 1287995 (S.D. W. Va. May 2, 2025) (see also cases cited therein permitting claims based on misstatements of amounts due in account statements); *Barr v. NCB Mgmt. Servs., Inc.*, 711 S.E.2d

13

577, 583 (W. Va. 2011) ("[t]he purpose of the CCPA is to protect consumers from unfair, illegal, and deceptive acts or practices by providing an avenue of relief for consumers who would otherwise have difficulty proving their case under a more traditional cause of action."); *Horton v. Pro. Bureau of Collections of Md., Inc*., 794 S.E.2d 395, 399 (W. Va. 2016) ("a claim brought under W. Va. Code § 46A–2–127(c) is not sufficiently analogous to an action for deceit and fraud").

This Court is well versed in the application of consumer protection laws. In analyzing illegal charges under a Maryland consumer protection statute, this Court in *Alexander v. Carrington Mortgage Services* found that district courts should not "graft extra-statutory hurdles onto a remedial consumer protection statute." 23 F.4th 370, 374–75 (4th Cir. 2022). Unfortunately, the district court below failed to heed this instruction. The issue of intent may have been relevant here, but only to the distinct issues of whether the loan servicer met the elements for a bona fide error defense or other affirmative defense under West Virginia Code § 46A-5-101, or in the determination of the amount of liability under Article 5 of the WVCCPA. The district court here never mentioned the bona fide error defense and instead ruled that the consumer must satisfy an "extra-statutory hurdle" of proving the debt collector's intent behind its violation.

This Court has firmly demonstrated that it understands how to apply West Virginia's liberal construction rules for remedial statutes like the WVCCPA. Earlier

this year, this Court acknowledged the similarities in the FDCPA and WVCCPA in reversing a district court that wrongly narrowly construed the statutes and dismissed both statutory claims. *Koontz v. SN Servicing Corp*., 133 F.4th 320 (4th Cir. 2025). In *Alig v. Quicken Loans Inc*., this Court rejected the attempt of a mortgage lender to add reliance as a necessary element of a claim for unconscionable inducement under the WVCCPA and stated that "[w]e are to construe the Act liberally. Its purpose is to protect consumers, especially where the common law cannot provide them with relief." 990 F.3d 782, 800 (4th Cir. 2021), *cert. granted, judgment vacated sub nom. Rocket Mortg., LLC v. Alig*, 142 S. Ct. 748, 211 L. Ed. 2d 468 (2022) (vacated for other reasons and reinstated, in part).

Like the FDCPA, certain conduct of a debt collector is "deemed" a violation of statute under the WVCCPA without regard to intent. For the reasons expressed herein and otherwise evident, a proper application of the statute leaves any relevance of the debt collector's intent in violating either West Virginia Code §§ 46A-2-127(d) or 46A-2-128(d) to an analysis of affirmative defenses and/or remedies under Article 5 of the WVCCPA. The WVCCPA was intended to provide an avenue of relief to consumers that did not exist under common law. Because the district court here failed to liberally construe the WVCCPA or give deference to this purpose, it should be reversed.

15

## <u>CONCLUSION</u>

For these reasons, *Amicus Curiae* respectfully request that the Order and Judgment of the district court be VACATED, and this case be remanded to the District Court.

Respectfully submitted, this the 3rd day of July, 2025

By:   */s/ Jason E. Causey*
Jason E. Causey (WVSB #9482)
KATZ KANTOR STONESTREET & BUCKNER, PLLC
206 South Walker Street
Princeton, WV 24740
(304) 431-4050
jcausey@kksblaw.com

*Counsel for Amicus Curiae*
*National Consumer Law Center*

## <u>CERTIFICATE OF COMPLIANCE</u>

1.     This document complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments):

    This document contains <u>3,974</u> words.

2.     This document complies with the typeface requirements because:

    This document has been prepared in a proportional spaced typeface using Microsoft Word in 14-point <u>Times New Roman</u>.

Respectfully submitted, this the 3rd day of July, 2025

By:     <u>*/s/ Jason E. Causey*</u>
Jason E. Causey (WVSB #9482)
KATZ KANTOR STONESTREET & BUCKNER, PLLC
206 South Walker Street
Princeton, WV 24740
(304) 431-4050
jcausey@kksblaw.com

*Counsel for Amicus Curiae*
*National Consumer Law Center*